Case: 26-30035 Document: 77-1 Page: 1 Date Filed: 06/17/2026

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 27, 2026
Lyle W. Cayce
Clerk

No. 26-30035

United States of America,

*Plaintiff—Appellee*,

*versus*

Maximiliano Perez-Perez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:25-CR-371-1

## JUDGMENT

Before Smith, Willett, and Ramirez, *Circuit Judges*.

This cause was considered on the record on appeal.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED. The district court's order is AFFIRMED.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion

for stay of mandate, whichever is later. See FED. R. APP. P. 41(B). The court may shorten or extend the time by order. See 5TH CIR. R. 41 I.O.P.




**Certified as a true copy and issued as the mandate on Jun 17, 2026**

**Attest:** Lyle W. Cayce

**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals for the Fifth Circuit

---

No. 26-30035

---

United States Court of Appeals
Fifth Circuit
**FILED**
May 27, 2026
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Maximiliano Perez-Perez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:25-CR-371-1

---

Before Smith, Willett, and Ramirez, *Circuit Judges*.

Per Curiam:*

Maximiliano Perez-Perez appeals the district court's denial of his motion to revoke a magistrate judge's order for Perez-Perez's detention pending trial on a charge of assaulting a federal officer in violation of 18 U.S.C. § 111. He argues that the district court erred in concluding that no conditions could reasonably assure his appearance at trial and that it required

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

him to prove he would not flee instead of requiring the government to prove he posed a substantial risk of flight. We AFFIRM.

I.

"When reviewing a district court's determination that pretrial detention is necessary, 'our scope of review is limited.'" *United States v. Esquivel-Bataz*, 155 F.4th 491, 493 (5th Cir. 2025) (quoting *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985)). "Absent an error of law, we must uphold a district court order [of pretrial detention] 'if it is supported by the proceedings below,' a deferential standard of review that we equate to the abuse-of-discretion standard." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (quoting *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989)). "On appeal, the question becomes whether the evidence as a whole supports the conclusions of the proceedings below." *Id.* In this case, we find that it does.

II.

At the detention hearing, the government's witness testified that officers "received information from a confidential source, in reference to a work van that had previously been stopped for transporting illegal aliens[,]" including the make and model of the van. When officers stopped the van, it had an out-of-state license plate and the driver, Perez-Perez, could not provide officers with a driver's license or identification card. Perez-Perez failed to comply with instructions to exit the van, and after officers forcibly removed him, he attempted to flee on foot, struggled with officers who detained him, and bit the hand of the officer who was trying to handcuff him, breaking the skin and drawing blood. The government's witness also testified that Perez-Perez later admitted to officers that he was a citizen of Mexico and that he had entered the United States without inspection about three years earlier. But there was no criminal or immigration history linked to Perez-

Perez, the government proffered, and his residence, time in the community, and employment were unknown.

The district court "examined the entire record *de novo*" before finding that the magistrate judge had not erred. It explained its decision as follows:

> The record before the court shows that Defendant entered this country unlawfully at some unknown place and time. When his arrest was attempted, he fled on foot, and then bit the arresting officer. While we note Defendant does not have a prior criminal record, we do not believe that fact sufficiently establishes his character. In fact, that evidence equally substantiates the Government's position that Defendant has endeavored to avoid detection and has no ties to the community. A position that Defendant has not contradicted with either witnesses or evidence.
>
> Given the fact that Defendant has already attempted to evade apprehension and neither his character nor ties to the community are known, we do not find that the magistrate judge erred in ordering his detention.

III.

It is evident from the order denying Perez-Perez's motion to revoke the magistrate judge's pretrial detention order that the district court "act[ed] *de novo* and . . . ma[d]e an independent determination of the proper pretrial detention or conditions for release." *Rueben*, 974 F.2d at 585. It also reflects the district court's focus on the defendant's history and characteristics, including, among other things, his family ties, employment, length of residence in the community, community ties, criminal history, and past

conduct— making up the third of four detention considerations listed in 18 U.S.C. § 3142(g).[1]

Past attempts to evade arrest may support denial of pretrial release. *See United States v. Sims*, 801 F. App'x 324, 325 (5th Cir. 2020) (per curiam) (considering the defendant's attempt to evade police at the time of his arrest as one of several factors supporting the denial of pretrial release); *United States v. Wright*, 697 F. App'x 297, 298 (5th Cir. 2017) (per curiam) (considering, among other factors, the defendant's "apparent attempts to evade arrest" in finding that a preponderance of the evidence supported a finding of flight risk); *United States v. Cruz-Reyes*, 229 F.3d 1134 (1st Cir. 2000) (Table) (finding no error in the lower court's decision to discount self-surrender and order pretrial detention in light of the government's proffer that the defendant had fled from an officer attempting to arrest him several years earlier). Here, the evidence in the record supporting the district court's finding that Perez-Perez "ha[d] already attempted to evade apprehension" is not limited just to Perez-Perez's attempts to evade arrest by fleeing on foot from officers after they forcibly removed him from the van, struggling with them, and biting an officer who was trying to handcuff him. There was also evidence of Perez-Perez's admission to officers that he had been in the United States without authorization for about three years, but there was no criminal or immigration record for him and no information about where he had been residing or working during that time. He was driving a van with an out-of-state license plate when arrested and could produce no driver's license or identification. "A relevant risk factor is 'longstanding ties to locality in

[1] The other three considerations are "the (1) nature and circumstances of the offense, (2) weight of the evidence [against the defendant], . . . and (4) any danger that would be posed by the defendant's release." *Esquivel-Bataz*, 155 F.4th at 493 (citing § 3142(g)). Neither party argues that the district court erred by not expressly addressing each § 3142(g) factor in its detention order.

Case: 26-30035 Document: 23 Page: 5 Date Filed: 06/17/2026



which [a defendant] faces trial[.]'" *United States v. Patel*, 685 F. App'x 323, 324 (5th Cir. 2017) (quoting *Rueben*, 974 F.2d at 586).

The district court specifically considered Perez-Perez's arguments about his lack of a prior criminal record but found it insufficient to establish character because it was equally supportive of the government's arguments that Perez-Perez "ha[d] endeavored to avoid detection" by authorities and succeeded for three years, and that he had "no ties to the community." The district court noted that he had "not contradicted" these arguments with witnesses or evidence. This statement, Perez-Perez contends, shows that the district court erroneously shifted the burden of proof to him to prove "his good character and community ties as a prerequisite to release." *See United States v. Trosper*, 809 F.2d 1107, 1109 (5th Cir. 1987) (the government is required to establish by a preponderance of the evidence that an accused's appearance cannot be reasonably assured by any combination of conditions of bail). Even accepting Perez-Perez's interpretation of the district court's statement, however, the evidence of record as a whole still supports the district court's conclusions. *See Rueben*, 974 F.2d at 586.[2]

Perez-Perez's remaining arguments are unavailing. He contends that the government conceded it "could not meet its burden" when its attorney stated "that [he could not] prospectively predict what the defendant will do after today," but that contention is belied by the government's evidence of Perez-Perez's attempts to evade arrest and his unauthorized presence in the

---

[2] Although the district court did not discuss the other three § 3142(g) factors, two also support the district court's conclusion. Under the first fact, the nature and circumstances of the offense, Perez-Perez is charged with assaulting a federal officer to avoid being arrested, and the officer received medical attention for his injuries. As for the second factor, the weight of the evidence against the defendant, the government's witness testified that there were photographs of the officer's injured hand and blood on Perez-Perez's mouth.

United States for three years. And although Perez-Perez argues that the district court improperly considered the immigration detainer lodged against him and the possibility of deportation, the court's order does not mention either. *Compare Esquivel-Bataz*, 155 F.4th at 493–94 (noting that the district court mentioned the detainer lodged against the defendant but finding, based on the record, that the court considered it only for the likely effect on the defendant's release rather than as a factor supporting detention).

* * *

The district court's order is AFFIRMED.

# *United States Court of Appeals*

FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

June 17, 2026

Mr. Daniel J. McCoy
Western District of Louisiana, Alexandria
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

No. 26-30035 USA v. Perez-Perez
USDC No. 1:25-CR-371-1

Dear Mr. McCoy,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: ______________________
Shatyra Rasheed, Deputy Clerk
504-310-7646

cc:
Mr. Craig R. Bordelon
Ms. Angelle Renea Boudreaux
Ms. Camille Ann Domingue
Mr. Dustin Charles Talbot